**Alfien Paul Leighton GORDON, Petitioner–Appellant,**

v.

**Charles MULÉ, Director, Batavia Prison, Respondent–Appellee.**

No. 02–2051.

United States Court of Appeals, Second Circuit.

Nov. 1, 2005.

Stacy Caplow, Bls Legal Services, Corp., Brooklyn, New York, for Petitioner.

Peter D. Keisler, Assistant, Attorney General, (Glenn T. Suddaby, United States Attorney for the Northern District of New York, Donald E. Keener, Robert M. Loeb, Anne Murphy, Attorneys, on the, brief), Washington D.C., for Respondent.

Present: WALKER, Chief Judge, FEINBERG, and STRAUB, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,** that the petition for review is **DENIED.**

Petitioner Alfien Gordon petitions for review from an August 24, 2000, order of the Board of Immigration Appeals ("BIA") affirming the January 11, 2000, decision of an immigration judge ("IJ") denying Gordon's application for cancellation of removal. In his petition, Gordon argues that section 212(h) of the Immigration and Naturalization Act ("INA") is unconstitutional and that customary international law requires that he be afforded an opportunity to argue that his family ties to the United States should be considered in determining whether to order him removed. We assume familiarity with the procedural history. We deny Gordon's petition.

Gordon, a citizen of Jamaica, was admitted to the United States as a legal permanent resident ("LPR") in 1969 at the age of 11. He has lived in the United States continuously since that time. His parents, brother, fiancee, and minor daughter are all U.S. citizens. In 1999, Gordon was convicted of the criminal sale of a controlled substance in the fifth degree. Title 8 U.S.C. § 1227(a)(2)(A)(iii)

provides that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." The definition of aggravated felony includes trafficking in a controlled substance, 8 U.S.C. § 1101(a)(43)(B). The Attorney General has discretionary power to waive certain crime-related grounds for deportation "in the case of an immigrant who is the spouse, parent, son, or daughter of a citizen of the United States ... if it is established ... that the alien's denial of admission would result in extreme hardship to the United States citizen." 8 U.S.C. § 1182(h)(1)(B); see also Guaylupo–Moya v. Gonzales, 423 F.3d 121, 125 & n. 3 (2d Cir.2005) (explaining general operation of section 1182(h)). This waiver provision, commonly referred to as INA § 212(h), is not available to LPRs who have been convicted of an aggravated felony. 8 U.S.C. § 1182(h).[1]

A June 8, 2004, order of this court, however, requested that the petitioner brief the issue of whether precepts of international law and due process cited by the district court in Beharry v. Reno, 183 F.Supp.2d 584 (E.D.N.Y.2002), entitle the petitioner to a family hardship hearing. In Beharry v. Reno, the petitioner was in the same factual situation as Mr. Gordon, with the exception that his criminal conduct took place prior to the 1996 enactment of the amendments that defined his crime as an aggravated felony, thus rendering those who committed it ineligible for section 212(h)'s discretionary relief. 183 F.Supp.2d at 588. The district court

(Weinstein, Judge) held that it would violate U.S. treaty obligations and customary international law to deny the possibility of INA § 212(h) relief to the petitioner. Id. at 604–05. It further held that the statute was ambiguous, id. at 604, and construed it to apply only to aggravated felons whose criminal actions took place after 1996. Id. at 604–05.

On appeal, Beharry was reversed for lack of subject matter jurisdiction, Beharry v. Ashcroft, 329 F.3d 51 (2d Cir.2003), but the same issue was presented to this court in Guaylupo–Moya v. Gonzales, 423 F.3d 121 (2d Cir.2005). After finding that Beharry incorrectly determined that the statute at issue was ambiguous, Guaylupo–Moya reiterated the principle that "if a statute makes plain Congress's intent ... then Article III courts ... must enforce the intent of Congress irrespective of whether the statute conforms to customary international law ... [and] to the extent that Beharry purports to declare that international law should override the plain language and effect of the relevant statutes, that reasoning was in error; clear congressional action trumps customary international law and previously enacted treaties." Guaylupo–Moya, 423 F.3d at 136 (internal quotations omitted).

Because the statute at issue in this case is unambiguous, the analysis of Gordon's claim with regard to the role of international law is the same as that of Guaylupo–Moya's. The intent of INA § 212(h) is plain from its language: "No waiver shall be granted ... in the case of an

---

1. Both parties have framed the issue as one involving the "aggravated felony" bar to section 212(h) relief. But in this case, there is an additional impediment for the petitioner: Section 212(h) does not apply to aliens inadmissible for a controlled substance offense unless the offense involves "simple possession of 30 grams or less of marijuana." 8 U.S.C. § 1182(h). Because the petitioner's conviction involved the sale of heroin, he is not eligible for a section 212(h) waiver regardless of his status as an aggravated felon. This point does not necessarily vitiate his argument, but it does mean that, in order to provide petitioner with relief, this court would need to do more than simply eliminate the "aggravated felony" bar.

alien who has previously been admitted to the United States as an alien lawfully admitted for permanent residence if ... the alien has been convicted of an aggravated felony." 8 U.S.C. § 1182(h). Even if customary international law requires waivers of deportation in cases of extreme family hardship, an issue we do not reach, that requirement cannot overcome Congress's intent to deny waivers to aggravated felons. Accordingly, international law does not entitle petitioner to a hearing regarding the effect of his deportation on his U.S. citizen family members.

 Gordon's remaining argument is that INA § 212(h) violates his substantive and procedural due process rights to family unity under the United States Constitution. The Supreme Court, however, has consistently recognized the "plenary congressional power to make polices and rules for exclusion of aliens" and has upheld the exercise of that power when based on a "facially legitimate and *bona fide* reason." *Kleindienst v. Mandel,* 408 U.S. 753, 770–71, 92 S.Ct. 2576, 33 L.Ed.2d 683 (1972); *see also Reno v. Flores,* 507 U.S. 292, 305–06, 113 S.Ct. 1439, 123 L.Ed.2d 1 (1993); *Mathews v. Diaz,* 426 U.S. 67, 81, 96 S.Ct. 1883, 48 L.Ed.2d 478 (1976). In light of these precedents and Congress's interest in removing aliens convicted of serious crimes, petitioner's due process challenge fails.

For the reasons set forth above, the petition for review is **DENIED.**

The court notes the able representation of the petitioner at oral argument by Eric Welsh, a law student under the supervision of petitioner's attorney of record.